# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GOMEZ,<br>Booking No. #10750931,<br><br>                  Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY;<br>ENCINITAS SHERIFF'S;<br>JOHN DOE, County Dispatcher;<br>CARPENTER, Deputy No. 7021,<br><br>                  Defendants. | Civil No.   11-0012 BTM (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. No. 2]**<br><br>**AND**<br><br>**(2) DIRECTING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)** |

      Steve Gomez, ("Plaintiff"), currently detained at George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding *pro se*, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.

      Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

/ / /

# I.

## **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners and criminal detainees like Plaintiff who seek leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. §§ 1915(a)(2).[1] From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C. § 1915(a), he has not complied with 28 U.S.C. § 1915(a)(2) or S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that he "*shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing

---

[1] 28 U.S.C. § 1915(h) provides that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release or diversionary program."

of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).  However, Plaintiff's IFP Motion includes no such certification.

Without Plaintiff's certified trust account statement or GBDF's "institutional equivalent," the Court is simply unable to assess the appropriate amount of the filing fee required to initiate this action.  *See* 28 U.S.C. § 1915(b)(1).  Accordingly, the Court must deny Plaintiff's Motion to Proceed IFP without prejudice at this time, but will provide Plaintiff with an opportunity to re-submit a completed application for IFP.

## II.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1)  **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 2] without prejudice;

(2)  **ORDERS** Plaintiffs to show cause why this case should not be dismissed, without prejudice, for failing to pay the $350 filing fee or successfully move to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(3)  No later than **Monday, February 7, 2011,** Plaintiff must either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, which includes a certified copy of his trust account statement or GBDF's "institutional equivalent" for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).  If Plaintiff fails to pay the filing fee or properly move to proceed IFP by **Monday, February 7, 2011**, the entire action will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with another Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use in timely responding to this Order.

DATED: January 10, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge