# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GOMEZ,<br>CDCR # AG-3761 | Civil No.   11cv0012 BTM (JMA) |
| Plaintiff, | **ORDER:** |
| | **(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*, **[ECF No. 12];** |
| vs. | **(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 11]** |
| | **AND** |
| SAN DIEGO COUNTY; ENCINITAS SHERIFF; JOHN DOE (COUNTY DISPATCHER); DEPUTY CARPENTER, | **(3)  DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |
| Defendant. | |

Plaintiff, a state inmate currently incarcerated at Calipatria State Prison and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 12], along with a Motion to Appoint Counsel [ECF No. 11].

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 12] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 11]

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action.  The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  *LaMere v. Risley*,

1    827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

2    **III.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

3        The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also

4    obligate the Court to review complaints filed by all persons proceeding IFP and by those, like

5    Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or

6    adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

7    probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

8    *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua

9    sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,

10   which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

11   are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

12       In his Complaint, Plaintiff appears to allege that his constitutional rights were violated

13   when he was injured following a high speed car chase by San Diego County Sheriff Deputies.

14   Plaintiff alleges that Defendant Carpenter, a Sheriff Deputy, intentionally drove his patrol car

15   into Plaintiff's car because he believed that Plaintiff "was reaching for a weapon."  (Compl. at

16   2.)  In *Graham v. Conner*, 490 U.S. 386 (1989), the Supreme Court held that an excessive force

17   claim arising in the context of an arrest "is most properly characterized as one invoking the

18   protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their

19   persons . . . against unreasonable . . . seizures.'" 490 U.S. at 394.  Accordingly, the Court held

20   that "all claims that law enforcement officers have used excessive force–deadly or not–in the

21   course of an arrest . . . of a free citizen should be analyzed under the Fourth Amendment and its

22   '[objective] reasonableness' standard, rather than under a 'substantive due process approach."

23   *Id.*

24       Determining the "reasonableness" of the force used to effect an arrest or seizure "requires

25   a careful balancing of the nature and quality of the intrusion on the individual's Fourth

26   Amendment interests against the countervailing governmental interests at stake." *Id.* (quotations

27   omitted).  Factors to consider include "the severity of the crime at issue, whether the suspect

28   poses an immediate threat to the safety of the officers or others, and whether he is actively

1    resisting arrest or attempting to evade the arrest by flight." *Id.*

2          Plaintiff provides factual allegations that Defendant Carpenter believed that Plaintiff was

3    reaching for a weapon. "A police officer's attempt to terminate a dangerous high-speed car chase

4    that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even

5    when it places the fleeing motorist at risk of serious injury or death." *Scott v. Harris*, 550 U.S.

6    372, 386 (2007).  Plaintiff does claim that the officers were chasing the wrong car but he does

7    not appear to dispute that Defendant Carpenter believed Plaintiff was reaching for a weapon.

8    If Plaintiff chooses to amend his pleading, he should clarify his facts surrounding this incident.

9    There are simply not enough facts alleged to support a Fourth Amendment claim at this time.

10          Moreover, it is not clear whether Plaintiff was convicted following this incident which

11    could also potentially cause some of his claims to be not yet cognizable pursuant to the rule

12    found in *Heck v. Humphrey*.  512 U.S. 477, 481 (1994).

13          In *Heck*, the Supreme Court held that:

14          . . . in order to recover damages for allegedly unconstitutional conviction or
          imprisonment, or for other harm caused by actions whose unlawfulness could
15          render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
          conviction or sentence has been reversed on direct appeal, expunged by executive
16          order, declared invalid by a state tribunal authorized to make such a determination,
          or called into question by a writ of habeas corpus.
17

18    *Heck*, 512 U.S. at 486-87.    When a state prisoner seeks damages in a § 1983 suit, the court must

19    consider whether a judgment in the prisoner's favor would "necessarily imply the invalidity of

20    his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

21    demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

22          Finally, Plaintiff also names the County of San Diego as a Defendant.  "[A] municipality

23    cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality

24    cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of*

25    *Social Services*, 436 U.S. 658, 691 (1978).  A municipality may be liable under § 1983 for

26    monetary, declaratory, or injunctive relief where a constitutional deprivation was caused by the

27    implementation or execution of "a policy statement, ordinance, regulation, or decision officially

28    adopted and promulgated by that body's officers." *Id.* at 690.

Thus, to plead liability on behalf of the County, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Plaintiff has failed to allege facts to support a claim against the County of San Diego.

## III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.     Plaintiff's Motion to Appoint Counsel [ECF No. 11] is **DENIED** without prejudice.

2.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 12] is **GRANTED**.

3.     The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5.     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in

the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

6.     The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED:  July 15, 2011

Honorable Barry Ted Moskowitz
United States District Judge