# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GOMEZ,<br>CDCR #AG-3761,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>    Defendants. | Civil Case No.  11cv0012 BTM (JMA)<br><br>ORDER PROVIDING NOTICE TO PRO SE PRISONER OF REQUIREMENTS FOR OPPOSING SUMMARY JUDGMENT PURSUANT TO *KLINGELE / RAND* |

**This notice is required to be given to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):**[1]

Defendant Carpenter has filed a Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 [ECF No. 40], by which he seeks to have your case dismissed. A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, and the

---

[1] *Klingele* and *Rand* together require that the district court "as a bare minimum," ensure a pro se prisoner has "fair notice of the requirements of the summary judgment rule." *Klingele*, 849 F.2d at 411 (quotations omitted). "It would not be realistic to impute to a prison inmate ... an instinctual awareness that the purpose of a motion for summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986) (internal quotation omitted).

party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**Conclusion and Order**

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment has been calendared for hearing on **Friday, October 26, 2012**, in Courtroom 15 at 11:00 a.m. Your Opposition (including any supporting documents) must be filed with the Court and served upon Defendant Carpenter by **Friday, October 12, 2012**. If you do not wish to oppose Defendant's Motion, you should file and serve a "Notice of Non-Opposition" by that same date to let both the Court and the Defendant know his Motion is unopposed.

If you do file and serve an Opposition, Defendant Carpenter must file and serve his Reply to that Opposition by **Friday, October 19, 2012**.

At the time appointed for hearing, the Court will, in its discretion, consider Defendant's Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 as submitted on the papers, and will issue its written opinion soon thereafter. *See* S. D. CAL. CIVLR 7.1(d)(1). Thus, unless otherwise ordered, no appearances are required and no oral argument will be heard.

**IT IS SO ORDERED.**

DATED: September 15, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court