UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GOMEZ,<br>CDCR # AG-3761,<br><br>                           Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>                          Defendants. | Civil No.   11cv0012 BTM (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO POSTPONE SUMMARY JUDGMENT**<br><br>**[ECF Dkt. No. 43]** |

On September 11, 2012, Defendant Matthew Carpenter, a Deputy Sheriff for the City of Encinitas, filed a Motion for Summary Judgment or partial Summary Judgment pursuant to FED.R.CIV.P. 56(a) (ECF No. 40).  On September 17, 2012, the Court provided Plaintiff with notice of Defendant's Motion pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).  Plaintiff was directed to file and serve his Opposition no later than October 12, 2012 (ECF No. 41 at 2).

On October 5, 2012, Plaintiff filed a "Motion for Postponement of Summary Judgment" (ECF No. 43).  In his Motion, Plaintiff contends he requires additional time to respond to Defendant's Motion for Summary Judgment for several reasons.  First, he is incarcerated, proceeding pro se, and claims his access to the law library at CSP- Calipatria is limited.  *See*

Mot. ¶¶ 3-5. Therefore, Plaintiff asks that the court "postpone" summary judgment so he is "able to conduct the possibly necessary research to adequate prepare" an opposition. *Id.* ¶ 2. Extensions of time for these reasons are liberally granted. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) ("'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines.") (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)).

However, Plaintiff also styles his Motion in the form of an affidavit, cites FED.R.CIV.P. 56(f),[1] and requests "postponement" because he claims the "Defendant [has] refused to release work history, as far as any complaint, [or] grievance," and "which is part of [his] discovery." Pl.'s Mot. ¶ 7. Plaintiff then claims he has "just discover[ed] that [he] can obtain a court order so Defendant can release the information that [he] is seeking ... which could be relevant to [his] case ... to show if there is any pattern of any misconduct or excessive force and abuse of color of authority by Deputy Carpenter No. 7021." *Id.* ¶ 8. Plaintiff previously sought an extension of time to complete discovery in this case based on claims that was "still waiting for a response from Defendant to [a] Request for Admission" filed on June 8, 2012 (ECF No. 37 ¶ 7). Magistrate Judge Adler granted Plaintiff's request and continued the deadline for completion of discovery to August 10, 2012 (ECF No. 38). Thus, the discovery period in this case has, and remains, closed.

Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the court may deny the motion for summary judgment or continue the hearing to allow for such discovery. FED.R.CIV.P. 56(d); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Id.* at 853–54 (district court correctly denied motion for continuance under Rule 56(f) where plaintiff did not

---

[1] Federal Rule of Civil Procedure Rule 56 was amended in 2010, and the provisions previously set forth in subdivision (f) were moved to subdivision (d), without substantial change. *See* FED.R.CIV.P. 56, advisory committee's notes (2010 amends) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

1 provide any basis or factual support for his assertions that further discovery would lead to the
2 facts and testimony he described, and his assertions appeared based on nothing more than "wild
3 speculation"); *see also, e.g., Nicholas v. Wallenstein*, 266 F.3d 1083, 1088–89 (9th Cir. 2001)
4 (district court did not abuse its discretion in denying motion for continuance under Rule 56(f)
5 where plaintiffs had already conducted a large amount of informal discovery and where they did
6 not make clear what information was sought and how it would preclude summary judgment).

7       Rule 56(d) requires that the requesting party show (1) it has set forth in affidavit form the
8 specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the
9 sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center,*
10 *Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). A party asking
11 for more time to conduct discovery to oppose summary judgment bears the burden of
12 demonstrating that the evidence sought actually exists. *Terrell v. Brewer*, 935 F.2d 1015, 1018
13 (9th Cir. 1990).

14       Thus, Plaintiff must identify specific facts he hopes will be demonstrated by the evidence
15 he seeks and explain how that information is essential to prevent summary judgment. *Tatum v.*
16 *San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff's Motion fails to do so. *See e.g.,*
17 *Blue v. Grannis*, 2007 WL 2758025, *3 (E.D. Cal. Sept.21, 2007) (denying motion to compel
18 all grievances against defendant because "evidence of prior accusations against defendant do not
19 bear on any material issue in this matter"); *Valenzuela v. Smith*, 2006 WL 403842 (E.D. Cal. Feb
20 16, 2006) (rejecting argument that all complaints against defendants while employed by CDC
21 were relevant to show a pattern of deliberate indifference to medical needs of prisoners).

22 **Conclusion and Order**

23       Accordingly, to the extent Plaintiff requests additional time in which to prepare, file and
24 serve his Opposition to Defendant's Motion for Summary Judgment due to difficulties he faces
25 accessing the law library at Calipatria State Prison, his request is GRANTED (ECF No. 43).
26 To the extent he requests additional time pursuant to FED.R.CIV.P. 56(d), however, his request
27 is DENIED.

28 / / /

Plaintiff shall have until **Friday, November 30, 2012**, to file and serve his Opposition. Consequently, Defendant shall have until **Friday, December 7, 2012**, to file a Reply.

At that time, Defendant's Motion for Summary Judgment (ECF No. 40) shall be submitted on the papers, and the Court will issue its written ruling thereafter. Pursuant to S.D. CAL. CIVLR 7.1(d)(1), no oral argument will be heard.

**IT IS SO ORDERED.**

DATED: October 29, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court